This is a motion to dismiss an appeal taken from an order entered by the land court.
The trustees of the Campbell estate filed in the land court of the Territory an application to register and confirm their title to certain land situate in the district of Ewa on the Island of Oahu. Harriet K. Fernandez, in her answer to the petition, claimed to be the owner in fee of a portion of the land described in the petition. The issues *Page 11 
presented by the petition and the answer were tried and the land court rendered a written decision in favor of the petitioners and against the claimant.
The claimant, in pursuance of the right given her by the Land Court Act, appealed to the circuit court sitting with a jury. Also in accordance with the Land Court Act she presented to the land court a petition to frame the issues to be tried by the circuit court. This petition, on motion of the trustees of the Campbell estate, was dismissed. From this order of dismissal the claimant appealed to this court. We are now confronted with the question whether there is any statutory authority for the appeal.
It is frankly conceded by the claimant, as indeed it must be, that there is no provision in the Land Court Act authorizing the appeal. The Act does provide for the review by this court of final decrees of the land court by writ of error but there is no provision for review of any order or decree by appeal. It is contended by the claimant, however, that the right of appeal from the order in question is given by section 3501, R.L. 1935.
This contention obviously cannot be sustained. The section relied on relates solely to appeals from "decisions, judgments, orders or decrees of circuit judges in chambers." The circuit judge sitting under the designation of the chief justice as judge of the land court does not administer his office as judge of the circuit court but as judge of the land court, which is a tribunal separate and distinct from the circuit court.
Section 5000, R.L. 1935, provides: "A court is established, to be called the land court." Section 5001 provides: "A judge of the circuit court of the first circuit designated so to act by the chief justice shall be judge of the land court." The remedy by appeal provided by section 3501, supra, has no application to proceedings in the land court. *Page 12 
The claimant, however, is not remediless. The remedy is found in section 5035, R.L. 1935, which is a part of the Land Court Act. This section provides that "in all cases a writ of error from the supreme court shall lie to the final decree of the land court on behalf of any party aggrieved by the decree."
When the land court enters a final decree in conformity with its written decision the claimant may, by writ of error, bring the case to this court for review, assigning as error the dismissal of her application to frame the issues.
The motion to dismiss the appeal is granted.